# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Dora Pensantez and Jose Colon, Plaintiffs

v.

Ideal United Group, Inc. and Mario G. Mendez, individually, Defendants

## COMPLAINT

Dora Pensantez and Jose Colon (collectively "Plaintiffs") pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA"), 820 ILCS § 105/1 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), and 820 ILCS § 115/1 *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA") complains against Defendant Ideal United Group, Inc., (hereafter, "Ideal United") and Mario G. Mendez, (collectively, "Defendants"), and state:

## INTRODUCTION

1. This action seeks redress for defendants' willful violations of the FLSA and the IMWL for defendants' failure to pay plaintiffs' and other similarly situated employees' minimum wages and overtime wages for hours worked in excess of forty (40) hours in a workweek.

2. Plaintiffs also seek redress for defendants' violation of the IWPCA for their failure to pay plaintiffs all wages earned at the rate agreed to by the parties.

3. Plaintiffs are former employees of the defendants' and defendants' unlawful compensation practices denied plaintiffs and other similarly situated persons their earned and living wages.

4. Plaintiffs bring Count I and II of this Complaint was a Collective Action under the FLSA, 29 U.S.C. § 216(b). Plaintiffs' FLSA collective action consent forms are attached hereto as Exhibit A.

## JURISDICTION AND VENUE

5. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b). Supplemental jurisdiction over plaintiffs' Illinois statutory claims are invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to plaintiffs' claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because upon information and belief, defendants reside in this judicial district and the events giving rise to plaintiffs' claims occurred within this judicial district.

## THE PARTIES

### Plaintiffs

7. Plaintiffs were employed by defendants as maintenance workers.

8. Plaintiffs reside and are domiciled in Cook County, Illinois, which is in this judicial district.

9. Plaintiffs worked for defendants from March 22, 2015 to January 31, 2017.

### Defendants

10. Defendants own and operate Ideal United Group, Inc., located at 720 Crest Avenue, Schaumburg, Illinois 60193.

11. Defendant Ideal United is an Illinois corporation doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Based on information and belief, defendant Ideal United, Inc. has annual gross sales of $500,000.00 or more.

13. Defendant Ideal United, Inc. has had two (2) or more employees involved in interstate commerce.

14. Defendant Ideal United, Inc. was plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

15. Defendant Mario G. Mendez is the President of Ideal United, Inc. and is involved in the day-to-day business operations of the corporation and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

16. Defendant Mario G. Mendez was plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3.

17. Upon information and belief, defendant Mario G. Mendez resides and is domiciled in this judicial district.

## FACTS

18. Plaintiffs' job functions included cleaning restaurants and nightclubs for the Defendants.

19. Plaintiffs regularly worked, at the direction of defendants, in excess of forty (40) hours in a workweek.

20. Plaintiffs worked approximately forty-four (44) hours per week.

21. From March 22, 2015 to approximately March 12, 2016, plaintiffs were paid $9.50 for all hours worked, including all hours worked in excess of forty (40) hours in a workweek.

22. From March 13, 2016 to approximately January 31, 2017, plaintiffs were paid $11.00 for all hours worked, including all hours worked in excess of forty (40) hours in a workweek.

23. Defendants paid plaintiffs in check and cash throughout their employment.

24. Plaintiffs were not paid time and a half their regular hourly rate for all hours worked in excess of forty (40) hours in a workweek.

25. Defendants did not compensate plaintiffs for all hours worked at the rate agreed to by the parties.

26. Defendants did not compensate plaintiffs for approximately twenty-two (22) hours of work.

27. By not compensating plaintiffs for all hours worked, plaintiffs' hourly rate was less than the Illinois mandated minimum wage rate of $8.25.

### COUNT I: VIOLATION OF THE FLSA
**Overtime Wages**

28. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

29. Plaintiffs and the members of the class were directed by defendants to work, and did so work, in excess of forty (40) hours per week.

30. Defendants did not compensate plaintiffs or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

31. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

32. Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, plaintiffs and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare defendants to be in violation of the FLSA;

E. Enjoin defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### COUNT II: VIOLATION OF THE FLSA
### Minimum Wages

33. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

34. The FLSA requires employers, including defendants, to pay at least the minimum wage to their employees, unless those employees are exempt.

35. Plaintiffs are not exempt from the minimum wage provisions of the FLSA.

36. Defendants did not pay plaintiffs or the class members at least the minimum wage for the hours that they worked, as described in paragraphs 25-27, *supra*.

37. Defendants' failure to pay the legally mandated minimum wages to plaintiffs and class members violated the FLSA.

38. Defendants failed to comply with the predicate requirements under the FLSA by failing to inform plaintiffs and the class members of their right to receive the minimum wage.

39. Defendants' failure to comply with the terms of the minimum wage disclosure requirements and Defendants' failure to pay minimum wage to plaintiffs and the class members was a willful violation of the FLSA.

40. Defendants violated the FLSA by refusing to compensate plaintiffs and the members of the class consistent with the minimum wages provisions of the FLSA.

41. Plaintiffs and other similarly situated employees are entitled to recover unpaid minimum wages for up to three (3) years prior to the filing of this lawsuit because defendants' failure to pay at least the federal minimum wage was a willful violation of the FLSA.

WHEREFORE, plaintiffs and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA;

B. A judgment in the amount of the difference between the Illinois-mandated minimum wage rate and the hourly wage paid to plaintiffs and similarly situated employees of Defendant;

C. Award liquidated damages in an amount equal to unpaid overtime wages;

D. Declare defendants to be in violation of the FLSA;

E. Enjoin defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT III: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### Overtime Wages

42. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

43. This Count arises from defendants' failure to pay plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

44. Defendants directed plaintiffs to work, and plaintiffs did work, in excess of forty (40) hours in individual work weeks.

45. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

46. Plaintiffs was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

47. Defendants did not pay plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

48. Defendant's violated the IMWL by failing to pay plaintiffs, overtime wages for all hours worked in individual work weeks.

49. Pursuant to 820 ILCS 105/12(a), plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to plaintiffs as provided by the IMWL;

B. Award Statutory damages for plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that defendants have violated the IMWL;

D. Enjoin defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT IV: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### Minimum Wages

50. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

51. This count arises from defendants' violation of the IMWL, by failing to pay plaintiffs, the Illinois-mandated minimum wages for all hours worked in individual work weeks, as described in paragraphs 25-27, *supra*.

52. Plaintiffs were directed to work by defendants and, in fact, did work but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

53. Plaintiffs were entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

54. Defendant did not pay plaintiffs the Illinois-mandated minimum wage for all hours worked in individual work weeks.

55. Defendant's failure to pay plaintiffs the Illinois-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the IMWL.

56. Pursuant to 820 ILCS 105/12(a), plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, plaintiffs and the class respectfully request that this Honorable Court:

A. Enter a judgment in the amount of all minimum wages due to plaintiffs as provided by the IMWL;

B. Award Statutory damages for plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that defendants have violated the IMWL;

D. Enjoin defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT V: VIOLATION OF THE IWPCA

57. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

58. This count arises under the IWPCA, for defendants' failure and refusal to pay plaintiffs all wages earned during all time worked for defendants at the rate agreed to by the parties.

59. During the course of their employment with defendants, plaintiffs had an agreement within the meaning of the IWPCA to be compensated for all hours worked at the rate agreed to by the parties.

60. In one or more individual work weeks, defendants did not pay plaintiffs and other similarly situated employees for all hours worked at the rates agreed to by the parties, as described in paragraphs 25-27, *supra*.

61. Plaintiffs were entitled to be compensated for all time worked as agreed between the plaintiffs and defendants.

62. Plaintiffs are entitled to recover owed wages for as far as ten (10) years prior to the filing of this lawsuit.

63. Defendants' failure to pay plaintiffs for all time worked violated the IWPCA.

WHEREFORE, plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of all unpaid wages due to plaintiffs as provided by the IWPCA;

B. Award Statutory damages as provided for by the IWPCA;

C. Declare that defendants have violated the IWPCA;

D. Enjoin defendants from violating the IWPCA;

E. Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**/s/ Raisa Alicea**
Raisa Alicea
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Office: 312-800-1017
ralicea@yourclg.com

One of plaintiffs' attorneys